UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALISON J. NOHARA,

        Plaintiff,

    v.                                Case No. 20-C-1079

PREVEA CLINIC INC., et al.,

        Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

    Plaintiff Alison J. Nohara, a participant in the Prevea Clinic, Inc., 401(k) and Retirement Plan (the Plan), brings this case as a proposed class action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(2), against Defendants Prevea Clinic Inc. and the Board of Directors of Prevea Clinic Inc. Defendants filed a motion to dismiss the amended complaint on November 20, 2020. On March 10, 2021, Plaintiff filed a motion for leave to file a second amended complaint. The Court stayed and administratively closed the case on September 30, 2021, pending the United States Supreme Court's decision in *Hughes v. Northwestern University*, No. 19-1401. The Supreme Court issued a decision in *Hughes* on January 24, 2022. 142 S. Ct. 737 (2022). That same day, the Court lifted the stay and invited the parties to submit simultaneous supplemental briefing in light of the Supreme Court's decision. The parties submitted supplemental briefs on February 7, 2022. The Court turns to Plaintiff's motion to amend.

    After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ.

P. 15(a). Generally, motions to amend pleadings are treated favorably under Rule 15's liberal amendment policy. *Id.* Leave to amend should be "freely given," absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff seeks leave to amend for purposes of adding Patti Szydel as a plaintiff. She asserts that Szydel's claims are substantially identical to her own. Plaintiff has also included additional allegations to support her claims.

Defendants oppose the motion to amend, arguing that Plaintiff cannot amend her complaint to correct a defect in Article III standing that deprives the Court of jurisdiction. Standing is a jurisdictional requirement that the Court must consider before reaching the merits of the action. *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016). Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies" brought by litigants who demonstrate standing. *Garcia v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1063 (7th Cir. 2021). "The familiar 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement.'" *Id.* at 1064 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998)). The plaintiff bears the burden of establishing each element. *Id.* (citation omitted). "There is no ERISA exception to Article III." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1622 (2020). Therefore, a plaintiff who raises multiple claims "must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Defendants assert that Plaintiff does not have Article III standing because "she could not have sustained an injury-in-fact that is anything but *de minimis*." Dkt. No. 37 at 2. They maintain

2

that Plaintiff's two-week participation in the Plan at the time she filed this action results in alleged damages of, at most, $0.22 and that federal jurisdiction is not available for such *de minimis* claims. "Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by the defendant's acts; and when a judicial decision in the plaintiff's favor would redress that injury." *Brandt v. Vill. of Winnetka, Illinois*, 612 F.3d 647, 649 (7th Cir. 2010) (citing *Summers v. Earth Island Institute*, 555 U.S. 488 (2009); *Steel Co.*, 523 U.S. at 102–04 (1998)). Because Plaintiff has alleged an injury to her own account, the Court cannot find that Plaintiff lacks standing on the ground that her injuries are *de minimis*.

Defendants also assert that the proposed amendment would be futile and that Plaintiff's undue delay in seeking amendment is prejudicial. An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). But "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). In this case, the Court is not certain that any amendment would be futile. Plaintiff filed her motion to amend while Defendants' motion to dismiss was pending and no discovery had been conducted. Given Rule 15's liberal amendment policy, the Court will grant Plaintiff's motion to amend. Because the Court grants the motion to amend, Defendants' motion to dismiss is denied as moot. *See Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting trial judge's denial of pending motion to dismiss as moot in light of amended complaint); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.").

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (Dkt. No. 36) is **GRANTED**. The Clerk is directed to detach and file the second amended complaint (Dkt. No. 36-1).

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss the amended complaint (Dkt. No. 28) and motion to strike Plaintiff's notice of supplemental authority (Dkt. No. 40) are **DENIED as moot**.

Dated at Green Bay, Wisconsin this 12th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
