UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ALISON J. NOHARA and PATTI J. SZYDEL, individually, and as representatives of a Class of Participants and Beneficiaries, on Behalf of the Prevea Clinic, Inc. 401(k) and Retirement Plan,

    Plaintiff,

v.

PREVEA CLINIC, INC., THE BOARD OF DIRECTORS OF PREVEA CLINC, INC., and JOHN DOES 1-30,

    Defendants

Case No. 2:20-cv-1079

Hon. William Griesbach

---

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

On August 23, 2022, this Court issued a Decision and Order on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. ECF No. 62. In short, the Court partially denied the motion to dismiss, and more specifically, found that Plaintiffs duty of prudence claims under ERISA based on recordkeeping, share class, and high-cost funds, were plausible. *Id.* at 13. On the other hand, the Court dismissed Plaintiffs' claims involving the duty of disclosure, duty of loyalty, and those claims involving individual director defendants. *Id.*

Defendants now seek a second bite at the apple based on the Seventh Circuit's decision in *Albert v. Oshkosh Corp.*, -- F.4th --, 2022 WL 3714638 (7th Cir. Aug. 29, 2022), which came down after the decision in this case. Unfortunately for Defendants, the law of this Circuit does not support motions for reconsideration just because a new case was issued since the motion to dismiss decision. Of course, if such challenges to motions to dismiss were allowed every time a new case came down favoring one side or the other, there would be no finality and the pleading stage of the case would continue on well into the discovery phase.

In any event, Defendants wrongly state the legal standard for a motion for reconsideration under Federal Rule of Civil Procedure 54(b) as an "intervening change in controlling law." ECF No. 68, at 4. However, and as this Court itself has recently noted when reviewing a motion for reconsideration: "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *See Tom v. Generac Power Systems, Inc.*, Case No. 17-C-1413, ECF No. 58, Order Denying Motion for Reconsideration, at 1-2 (E.D. Wis. Nov. 19,

2018) (per Griesbach, J.) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Under the appropriate motion for reconsideration standard, Defendants have simply not met this very high burden. First, the decision in *Oshkosh* does not require this Court "to correct manifest errors of law." *See Rothwell Cotton*, 827 F.2d at 252. Indeed, the Seventh Circuit in *Oshkosh* made clear that the law remained the same with regard to the pleading standards in ERISA fee cases, such as this one, both before and after its decision. *See Oshkosh Corp.*, 2022 WL 3714638, at *6 ("Although the district court repeatedly cited *Divane* in its discussion of Albert's recordkeeping claim, we affirm the dismissal of Count I. That claim fails under our precedent that *Hughes* left untouched."). In accord with the idea that the relevant law is the same and there has been no manifest errors of law or fact, Defense counsel for Oshkosh even maintained that "*Hughes* 'did not radically reinvent this area of law or upend years of precedent'." *Id.*, at *2. Second, the decision in *Oshkosh* does not amount to either "manifest errors of fact" or amount to there being newly-discovered evidence. Indeed, recognizing this fact, Defendants do not even make such an unsupported assertions in their motion.

Thus, because Defendants cannot meet the high legal standard that applies to

motions for reconsideration under this Court's precedent and Rule 54(b), the Court should deny Defendants' motion for reconsideration. In the alternative, if the Court determines to grant the motion for reconsideration and also grant Defendants' motion to dismiss, Plaintiffs ask leave to submit an amended complaint which would provide the needed, additional allegations that can be readily provided by Plaintiffs.

ARGUMENT

I. **There Are No Manifest Errors of Law in the Court's Motion to Dismiss Decision**

In reconsidering a non-final order under Rule 54(b), several district courts have concluded that the standard is the same as the standard courts apply in considering a motion to alter or amend a judgment under Rule 59(e). *See, e.g., Saccameno v. Ocwen Loan Servicing, LLC*, 2018 WL 1240347 at *2 (N.D. Ill. Mar. 9, 2018); *Katz–Crank v. Haskett*, 2014 WL 3507298 at *2 (S.D. Ind. July 14, 2014); *Morningware, Inc. v. Hearthware Home Products, Inc.*, 2011 WL 1376920 at *2 (N.D. Ill. April 12, 2011); *Bilek v. American Home Mortg. Servicing*, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

These same courts have emphasized that motions to reconsider "are 'viewed with disfavor,' and they are granted 'only in the rarest of circumstances and where there is a compelling reason.'" *Saccameno*, 2018 WL 124037 at *2 (quoting *United States v. Givens*, 2016 WL 6892868, at *2 (N.D. Ill. Nov. 23, 2016)). Indeed, motions to reconsider under Rule 54(b) "serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008)). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale

4

disregard, misapplication, or failure to recognize controlling precedent.'" *Bilek*, 2010 WL 3306912 at *1 (quoting *Oto*, 224 F.3d at 606). Finally, "a motion to reconsider is not an occasion to make new arguments." *Katz–Crank*, 2014 WL 3507298 at *2 (citing *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, 2011 WL 1792849, at *1 (N.D. Ind. May 11, 2011).

Reviewing Defendants' motion for reconsideration, Defendants concede that there are no manifest errors of law. Instead, they seek to do nothing less than to use their motion as an opportunity to re-argue their case under *Oshkosh*, even though those same exact arguments were available to them from this Court's decision in *Albert v. Oshkosh Corp.*, 2021 WL 3932029 (E.D. Wis. Sept. 2, 2021), and Defendants even cited to that decision in their motion to dismiss briefing in this case. *See* ECF No. 58, at 4, 12. In other words, Defendants are simply making the exact same arguments they did previously and are asking the Court for a "re-do." But as other courts have noted, "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton*, 2011 WL 1792849, at *1.

Moreover, the *Oshkosh* Court itself recognized that there were no errors or omissions in this Court's approach when it observed with regard to the investment management claims that "once again, the Sixth Circuit's decision in *Smith* reinforces that *Hughes* does not require a radically different approach to claims

5

alleging excessive investment management fees." *Oshkosh Corp.*, 2022 WL 3714638, at *8. The exact same analysis this Court applied to its Motion to Dismiss decision still applies after *Oshkosh*. In other words, the law surrounding claims alleging excessive fees, whether recordkeeping or investment management, is the same law that this Court applied to its decision on the motion to dismiss in this case. Plaintiffs should not have to keep perpetually briefing Defendants' same deficient arguments regarding the plausibility of their claims. The pleading stage has ended and discovery should commence.

For all these reasons, Defendants have not shown there exists manifest errors of law in the Court's motion to dismiss decision, and the motion for reconsideration should be denied on this basis.

## II. There Are No Manifest Errors of Fact, or Newly-Discovered Evidence, That Impacts the Court's Motion to Dismiss Decision

Not surprisingly, Defendants do not even suggest that there are manifest errors of fact or newly-discovered evidence impacting the Court's motion to dismiss decision. Nor could they. "Newly discovered evidence" is evidence "not available at the time of briefing." *Katz–Crank*, 2014 WL 3507298 at *2. Defendants do not, and cannot, point to any such evidence or that this Court made manifest errors of fact in its decision.

Despite spending ten pages asking the Court to reconsider its motion to dismiss ruling, Defendants have not argued that any of their evidence is "newly discovered." *See Ahnert v. Emps. Ins. Co. of Wausau*, 2018 WL 2048379, at *4 (E.D. Wis. May 2, 2018). Rather, Defendants have pointed to a new decision from the Seventh Circuit, which by its own terms does not represent a change in the law surrounding ERISA

6

claims alleging excessive fees. There is no newly-discovered information cited. *Id.*

As such, Defendants have also not shown there exists manifest errors of fact or newly-discovered evidence that undermines the Court's motion to dismiss decision. The motion for reconsider should be denied on this basis as well.

### III. In The Event The Court Grants Defendants' Motion For Reconsideration And Grants Defendants' Motion To Dismiss, Plaintiffs Should Be Permitted to Amend Their Complaint

Plaintiffs believe that the motion for reconsideration standards under Rule 54(b) identified by courts in this Circuit clearly establish that Defendants have not come close to satisfying their high burden to have this Court re-visit its previous motion to dismiss decision. It is simply not enough that Defendants have the normal "disappointment of the losing party." *Bilek*, 2010 WL 3306912 at *1. They have simply failed to show that this Court engaged in a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

However, and to the extent that Court permits reconsideration and grants Defendants' motion to dismiss based on *Oshkosh*, Plaintiffs should be afforded the opportunity to file an amended complaint to respond to the *Oshkosh* court's desire for further contextualization of their claims. Indeed, such an amendment would not be futile, as Plaintiff has pleaded a number of additional, non-conclusory allegations in substantially similar ERISA fee complaints filed in numerous other courts. *See, e.g.*, *Reichert et al. v. Juniper Networks, Inc. et al.*, Case No. 3:21-cv-06213-JD, Amended Complaint, ECF No. 38 (N.D. Cal. Dec. 6, 2021); *Probst v. Eli Lilly et al.*, Case No. 1:22-cv-01106-JMS-DLP, Amended Complaint, ECF No. 26 (S.D. Ind. Aug. 22, 2022).

7

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration, or in the alternative, permit Plaintiffs the opportunity to amend their complaint with additional, contextual allegations.

Dated this 13th day of September, 2022      Respectfully submitted,

**WALCHESKE & LUZI, LLC**
Counsel for Plaintiffs

*s/ Paul M. Secunda*
James A. Walcheske
Scott S. Luzi
Paul M. Secunda

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: psecunda@walcheskeluzi.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Paul M. Secunda
Paul M. Secunda